UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Petitioner,<br>v.<br>AILEEN GUEVARRA, PRESIDENT, FIL-AM 2 CUISINE RESTAURANT, INC.,<br>Respondent. | Case No. 23-cv-00184-VKD<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE PETITION TO ENFORCE IRS SUMMONS**<br><br>Re: Dkt. No. 1 |

This matter is before the Court upon the United States' Verified Petition to Enforce Internal Revenue Service ("IRS") Summons. Dkt. No. 1. On January 23, 2023, the Court issued an order requiring respondent Aileen Guevarra to file a written response to the United States' petition by March 7, 2023, and to appear before the Court on March 28, 2023 at 10:00 a.m. and show cause why the subject IRS summons should not be enforced. Dkt. No. 4. Ms. Guevarra did not file any response. Nor did she appear at the March 28, 2023 hearing.

At the hearing, the United States advised that just prior to the hearing, Ms. Guevarra indicated that she was willing to provide the requested information and to appear for questioning at the IRS on April 7, 2023. *See* Dkt. No. 10. The United States noted a possibility that this matter might be resolved by that date. Accordingly, the Court deferred issuing a report and recommendation, pending receipt of a status report by April 10, 2023. *Id*.

The United States has submitted a status report advising that its counsel emailed Ms. Guevarra on March 28, 2023 and April 5, 2023, requesting confirmation for a meeting with the IRS on her requested date, April 7, 2023. According to the status report, the United States received no response from Ms. Guevarra, until the morning of April 7, 2023, when she emailed

1   counsel to advise that she would not attend the scheduled meeting due to illness. *See* Dkt. No. 11.
2   The United States reports that Ms. Guevarra did not appear for the April 7 meeting and still has
3   not complied with the summons. *Id*.

4   All named parties must consent to magistrate judge jurisdiction before a magistrate judge
5   may hear and decide a case. 28 U.S.C. § 636(c)(1); *Williams v. King*, 875 F.3d 500 (9th Cir.
6   2017). Because this Court does not have the consent of all parties to proceed before a magistrate
7   judge, this matter shall be reassigned to a district judge for all further proceedings. Upon
8   consideration of the record presented, as well as the discussion at the March 28, 2023 hearing, this
9   Court recommends that the United States' Petition to Enforce IRS Summons be granted.

## REPORT AND RECOMMENDATION

According to the petition, Ms. Guevarra is the president of Fil-Am 2 Cuisine Restaurant ("Restaurant"), and the IRS is investigating the collection of the Restaurant's tax liabilities for the fiscal period ending December 31, 2017; the calendar periods ending December 31, 2019 and December 31, 2020; and the quarterly periods ending March 31, 2018, June 30, 2018, September 30, 2018, December 31, 2018, March 31, 2019, June 30, 2019, September 30, 2019, March 31, 2020, June 30, 2020, September 30, 2020, December 31, 2020, and March 31, 2021. Dkt. No. 1 ¶ 4 & Ex. A. The United States believes that Ms. Guevarra has possession and control of records, documents, and other information concerning the IRS's inquiry, as to which the IRS has no access, possession, or control. *Id*. ¶ 7. As part of its investigation, the IRS served a summons on Ms. Guevarra, requiring her to appear before Revenue Officer Belden Granada on March 28, 2022 and to give testimony and produce records for the period January 1, 2021 to January 31, 2022. The requested records "include but are not limited to: all bank statements, checkbooks, canceled checks, saving account passbooks, [and] records or certificates of deposit." *Id*., Ex. A. The record shows that the summons properly was served pursuant to 26 U.S.C. § 7603.[1] *Id*. ¶ 8 & Ex. A. Ms. Guevarra did not appear or produce testimony or records as requested by the summons. *Id*. ¶ 10.

---

[1] Service of summons shall be made "by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode." 26 U.S.C. § 7603(a). "[T]he certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons." *Id*.

2

In a letter dated May 6, 2022, Ms. Guevarra was given another opportunity to comply with the summons by appearing for an appointment with Officer Belden on May 18, 2022. *Id*. ¶ 11 & Ex. B. According to the petition, Ms. Guevarra still has not complied. *Id*. ¶ 12.

On January 13, 2023, the United States filed the instant action to enforce the summons. This Court issued an order to show cause, setting a briefing schedule and a hearing for March 28, 2023. Dkt. No. 4. The record shows that Ms. Guevarra was personally served with the United States' petition and the Court's order to show cause on February 1, 2023. Dkt. No. 6. As noted above, the Court received no written response from Ms. Guevarra, and she did not appear at the hearing.

The IRS is authorized under 26 U.S.C. § 7602(a) to issue a summons relevant to the investigation of any taxpayer's liability. A summons may be issued for the purposes of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or . . . collecting any such liability . . . ." 26 U.S.C. § 7602(a); *see also Crystal v. United States*, 172 F.3d 1141, 1143 (9th Cir. 1999) (quoting 26 U.S.C. § 7602(a)). To enforce a summons, the IRS must first establish "good faith" by showing that the summons (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already in the IRS's possession; and (4) satisfies all of the administrative steps set forth in the Internal Revenue Code, namely that the IRS has determined that the examination is necessary and has notified the taxpayer in writing to that effect. *United States v. Powell*, 379 U.S. 48, 57-58 (1964). "'The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the *Powell* requirements have been met.'" *Crystal*, 172 F.3d at 1144 (quoting *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993)). The relevance standard "that the IRS must meet is clearly less than probable cause" and has been defined "as whether the inspection sought might have thrown light on the correctness of the taxpayer's return." *United States v. Goldman*, 637 F.2d 664, 667 (9th Cir. 1980). "The burden is minimal 'because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted.'" *Crystal*, 172 F.3d at 1144 (quoting *Liberty Fin. Servs. v. United States*, , 1392 (9th Cir. 1985)).

Once the United States has met its burden in establishing the *Powell* elements, if the taxpayer chooses to challenge the enforcement, she bears a heavy burden to show an abuse of process or lack of good faith on the part of the IRS. Indeed, "'[e]nforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses.'" *Crystal*, 172 F.3d at 1144 (quoting *United States v. Derr*, 968 F.2d 943, 945 (9th Cir. 1992)). "'The taxpayer must allege specific facts and evidence to support his allegations of bad faith or improper purpose.'" *Id*. (quoting *United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir. 1997)). As explained by the Ninth Circuit:

> The taxpayer may challenge the summons on any appropriate grounds,' including failure to satisfy the *Powell* requirements or abuse of the court's process. Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation. In addition, it has become clear since *Powell* that gathering evidence after having decided to make a recommendation for prosecution would be an improper purpose, and that the IRS would be acting in bad faith if it were to pursue a summons enforcement under these circumstances. While neither the *Powell* elements nor the *LaSalle* requirements is an exhaustive elaboration of what good faith means, still the dispositive question in each case is whether the Service is pursuing the authorized purposes in good faith.

*Id*. at 1144-45 (internal quotations and citations omitted).

While the United States' burden is not great, it is not necessarily satisfied by an agent's mere assertion of relevance. *Goldman*, 637 F.2d at 667. Once a summons is challenged, a court must scrutinize it to determine whether it seeks information relevant to a legitimate investigative purpose, and the court may choose either to refuse enforcement or narrow the scope of the summons. *Id*. at 668.

In the present case, the United States has met its burden of showing that the *Powell* elements have been satisfied, through the verification of the petition by Revenue Officer Belden. *See Crystal* 172 F.3d at 1144 (stating that it was undisputed that the special agent's declaration satisfied the *Powell* requirements and that the government therefore "established a prima facie case to enforce the summonses"); *Dynavac, Inc*., 6 F.3d at 1414 (stating that the government's burden "may be satisfied by a declaration from the investigating agent that the *Powell* requirements have been met."); *United States v. Bell*, 57 F. Supp.2d 898, 906 (N.D. Cal. 1999)

4

("The government usually makes the requisite prima facie showing by affidavit of the agent."). The United States' verified petition indicates that the IRS's investigation is being conducted for a legitimate purpose of ascertaining the Restaurant's assets and liabilities as part of an effort to investigate federal tax liabilities for the fiscal period ending December 31, 2017; the calendar periods ending December 31, 2019 and December 31, 2020; and quarterly periods in 2018, 2019, and 2020, as well as the quarter ending March 31, 2021.  Dkt. No. 1 ¶ 4 & Ex. A.  The summons at issue is relevant to that purpose and asks Ms. Guevarra to appear and bring with her documents pertaining to assets and liabilities (e.g., bank statements, checkbooks, canceled checks, saving account passbooks, and records or certificates of deposit) for the period January 1, 2021 to January 31, 2022.  *Id.* ¶¶ 4, 9 & Ex. A.  The petition further indicates that the information is not already in the IRS's possession, that there has been no referral for criminal prosecution of this matter, and that all administrative steps required by the internal Revenue Code for the issuance of the summons have been taken.  *Id.* ¶¶ 7, 13, 14.

Because the United States has met its burden in establishing the *Powell* elements, the burden shifts to Ms. Guevarra to disprove the actual existence of a valid civil tax determination or collection purpose.  As discussed above, she did not file any response to the order to show cause and did not appear at the show cause hearing.  This Court therefore finds that she has not met her burden of showing an abuse of process or lack of good faith on the part of the IRS.

Accordingly, this Court orders the Clerk of the Court to reassign this case to a district judge, with the recommendation that (1) the petition to enforce the IRS summons be granted and (2) an order issue enforcing the IRS summons and directing Ms. Guevarra to appear before the IRS within 21 days of the district judge's order granting the petition to provide testimony and produce the requested documents and records.

Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72.  The United States is requested to promptly serve a copy of this Report and Recommendation

1  on Ms. Guevarra and to file a proof of service with the Court.

2  **IT IS SO ORDERED.**

3  Dated: April 10, 2023

*signature*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

United States District Court
Northern District of California